IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMOND NESBITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 2099 |
| v. ) | |
| ) | Magistrate Judge |
| RONALD JAISCA # 20420; and ) | Maria Valdez |
| JAMES BROWNE # 20026, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss. [Doc. No. 60.] Pursuant to Federal Rule of Civil Procedure 12(d), the motion to dismiss has been converted to a motion for summary judgment. For the reasons below, Defendants' motion is granted.

## BACKGROUND

On April 12, 2005 Plaintiff was arrested and charged with predatory criminal sexual assault of a child who was under thirteen years of age when the act was committed. Plaintiff was indicted on May 11, 2005, on ten counts of aggravated criminal sexual assault, twenty counts of criminal sexual assault, eight counts of aggravated criminal sexual abuse and twelve counts of criminal sexual abuse. These counts related to a series of assaults that were allegedly committed by the Plaintiff against the Plaintiff's stepdaughter over a period of four years, beginning

in June 2000 and continuing through June 2004. At trial, Plaintiff was found guilty on five counts of predatory criminal sexual assault.[1] Plaintiff was sentenced to eight years of incarceration for each count, with the sentences to run consecutively. On December 18, 2008, Plaintiff filed a notice of appeal for his criminal conviction, claiming that (1) the trial court erred by not fully admonishing him about the nature of the charges prior to allowing him to proceed *pro se*; (2) that the trial court erred by denying his request for standby counsel; and (3) that the trial court deprived him of his sixth amendment right to counsel during his sentencing. The Appellate Court affirmed Plaintiff's conviction on all five counts for which he was previously found guilty, but reversed and remanded the case based on a violation of his Sixth Amendment right to counsel during his sentencing. On remand, on December 19, 2011, he was sentenced to a total of thirty-seven years.

## PROCEDURAL HISTORY

On April 16, 2007, Plaintiff filed a motion to proceed *in forma pauperis* in the instant case. [*See* Doc. No. 3.] The motion was granted on May 31, 2007, and Plaintiff subsequently filed a *pro se* complaint against the Chicago Police Department and the City of Chicago alleging that his civil rights were violated pursuant to 42 U.S.C. §1983, and that he was not sufficiently informed of his rights, as required by *Miranda v. Arizona*, 384 U.S. 436 (1966), after his arrest on April 12, 2005. (*See generally* Complaint [Doc. No. 7].) On its own motion, pursuant to 28

---

[1] A judgment of *nolle prosequi* was entered for the remaining counts prior to trial on October 21, 2008.

U.S.C. 1915(e)(2)(B)(ii), the Court dismissed the Plaintiff's Complaint as to the City of Chicago and the Chicago Police Department, and ordered Officers Jaisca and Browne to be added as Defendants. [*See* Doc. No. 6.] The Court also dismissed Plaintiff's *Miranda* claim, because Plaintiff's claims did not constitute actionable grounds for liability under 42 U.S.C. §1983; however, the Court held that Plaintiff could "proceed on his claim that the officers wrongfully arrested him." *Id*. On August 17, 2007, Defendants moved to dismiss the matter without prejudice or, in the alternative, to stay the proceedings pending the outcome of Plaintiff's criminal trial. [*See* Doc. No. 13.] The Court entered a stay. [*See* Doc. No. 16.] In two separate filings dated October 30, 2008 and November 3, 2008, Defendants and Plaintiff respectively gave consent to have the case heard by a United States Magistrate Judge. [*See* Doc. Nos. 34 & 35.] The case was reassigned to this Court pursuant to Local Rule 73.1(b) on November 5, 2008. [*See* Doc. No. 37.] At a status hearing held on February 29, 2012, Plaintiff indicated that the appeal of his criminal case was over and that he requested that the stay be lifted. This Court gave Defendants until March 14, 2012 to file the instant motion, and continued the stay on discovery until a ruling on the motion had been made. [*See* Doc. No. 59.] The matter was fully briefed on June 20, 2012. [*See* Doc. No. 70.] This order follows.

## CONVERSION TO SUMMARY JUDGMENT & APPLICABLE STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded

by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). *See also Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1017 (7th Cir. 2002) (noting the court's discretion to convert motions to dismiss to motions for summary judgment where it considers extrinsic evidence). Here, Plaintiff attached a variety of exhibits to his response to the instant motion, including a General Offense Case Report. (*See* Pl.'s Resp., Exh. H [Doc. No. 66].) Because the Court is not excluding these materials, conversion to summary judgment treatment is appropriate. Generally, when a court treats a motion to dismiss as one for summary judgment, Rule 12(d) requires that "[a]ll parties . . . be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, formal notice to the parties from the Court of its intent to convert the motion is not always required. The advisory committee notes to Rule 12 indicate that the notice procedure is necessary "to avoid taking a party by surprise." *See Burick v. Edward Rose & Sons*, 18 F.3d 514, 516 (7th Cir. 1994). Where there is no actual surprise, however, lack of notice is not considered reversible error. *Fleischfresser v. Directors of School Dist.*, 200, 15 F.3d 680, 684 (7th Cir. 1994). In *Fleischfresser*, the court held that there was no surprise because "both parties had every reason to know that extraneous material was being considered and are held to know that Rule 12(b)(6) compelled the district court to consider the motion to dismiss as one for summary judgment." *Id.* Here, not only is there no actual surprise, but the parties implicitly requested a conversion of the motion. Plaintiff submitted extraneous materials and specifically asked the Court

4

"to look beyond the 4 corners of the complaint." (Pl.'s Resp., at 5.) Plaintiff's response also makes clear that he knew that the effect of such a request would be the Court's conversion of the motion. (*See id.*, at 3) ("If the court on a Rule 12(b)(6) looks to matters outside the complaint, the court generally must convert motion into a Rule 56 motion for summary judgment."). Likewise, Defendants also requested the Court to consider the extraneous material submitted by Plaintiff, (Def.s' Reply, at 4-5), and were on notice that the Court's consideration of such material would likely result in conversion of their motion.

Therefore the Court will treat Defendants' motion as one for summary judgment. "Summary judgment is appropriate when the evidence to date shows that there 'is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Frost v. Rivera*, 2010 WL 3718557, at *1 (N.D. Ill. Sept. 8, 2010) (quoting Fed. R. Civ. P. 56(c)). In considering motions for summary judgement, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## ANALYSIS

Plaintiff claims that he was the victim of a false arrest. "The Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures.'" *United States v. Jackson*, 598 F.3d 340, 346 (7th Cir. 2010) (quoting U.S. CONST. AMEND. IV). "'The essential elements of a cause of action for false arrest or false imprisonment are

5

that the plaintiff was retained or arrested by the defendant[s], and that the defendant[s] acted without having reasonable grounds to believe that an offense was committed by the plaintiff.'" *Jones v. Navia*, 2010 WL 4878869, at *5 (N.D. Ill. Nov. 23, 2010) (quoting *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1231 (Ill. 1990)). Defendants contend that Plaintiff's 42 U.S.C. § 1983 false arrest claim is barred by the Supreme Court's decision in *Heck v. Humprhey*, 512 U.S. 477 (1994). Defendants also claim that there was probable cause for Plaintiff's arrest. Finally, Defendants contend that Plaintiff's claims that he was "entrapped," "set up" or "lured" fail to establish a cognizable § 1983 action.

### A.  *Heck v. Humprhey*

Defendants argue that Plaintiff's false arrest claim is precluded by the Supreme Court's decision in *Heck*. In that case, the Court held that,

> in order to recover for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486. The Court noted that "[h]abeus corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of 42 U.S.C.S. § 1983." *Id*. However, the Court also explained that some § 1983 claims do not necessarily imply the invalidity of a

conviction. *Id.* at 487. In merely contending that he was falsely arrested, Plaintiff does not necessarily imply that his conviction is invalid. *See Jones*, 2010 WL 4878869, at *6. Indeed, it could be that his conviction is valid *and* that Defendant Officers arrested him without probable cause. *Id.* In responding to the instant motion, Plaintiff argues that his conviction is invalid for a number of reasons. Admittedly, those various arguments do not support his § 1983 claim, but they do not preclude it. As such, *Heck* does not bar Plaintiff's false arrest claim.

To the extent that Plaintiff does attempt to articulate claims that question or challenge his conviction, those attempts are in vain. In addition to being incomplete and initially articulated in his response to the instant motion (rather than in his Complaint), Plaintiff's equal protection claim, due process claim, speedy trial violation claim, ineffective assistance claim, and various similar allegations constitute collateral attacks on his criminal conviction and fail for this reason.

B. **Probable Cause**

An arrest made with probable cause is reasonable. *Stokes v. Bd. of Educ.*, 599 F.3d 617, 622 (7th Cir. 2010). "Probable cause is an absolute bar to a claim of false arrest asserted under the Fourth Amendment and Section 1983." *Id.* (citing *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009)). Probable cause exists "when the facts and circumstances that are known to [an officer] reasonably support a belief that the individual has committed, is committing, or is about to commit a crime." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). "Although probable cause is normally a jury question, it can be found as a matter of

law 'when no reasonable jury could find that the officer[ ] did not have probable cause.'" *Smith v. Lang*, 114 F.3d 1192 (7th Cir. 1997) (quoting *Jones v. Webb*, 45 F.3d 178, 182 (7th Cir. 1995)). Plaintiff claims that there was no probable cause for his arrest. Defendant Officers maintain otherwise.

Among the exhibits Plaintiff attached to his response to the instant motion is a Chicago Police Department General Offense Case Report. (*See* Pl.'s Resp., Exh. H.) Plaintiff neither questions the authenticity of the report, nor the accuracy of its contents. The report was made on March 23, 2005, twenty days before Plaintiff's arrest. (*Id.*) The report indicates that Plaintiff's stepdaughter alleged that he sexually assaulted her.[2] (*Id.*) Absent consideration of the accuracy or truthfulness of the Plaintiff's stepdaughter's claims, the fact that she made them to the police establishes that there was probable cause to arrest Plaintiff. *See United States v. Hayden*, 353 Fed. Appx. 55, 57 (7th Cir. 2009) ("[Where] a reasonably credible victim informs the police that someone has committed a crime, the police have probable cause to arrest the alleged culprit."). While Plaintiff cites *Mark v. Furay*, 769 F.2d 1266 (7th Cir. 1985), for the proposition that private parties who conspire with arresting officers to have a person arrested on the basis of false information

---

[2] The report indicates that the victim's mother (Plaintiff's wife) initiated contact with the police. It states that "the parent of the [victim] related that on 22 Mar 05 her daughter the [victm] handed her a letter after being disciplined. The letter alleges that the [offender], the [victim's] stepfather has been fondling ('touching') the [victim's] vagina, masturbating in the presence of the [victim] and engaging in oral and anal sex with the [victim]. The [victim] alleges these actions took place. (Pl.'s Resp, Exh. H.)

act under color of state law, Plaintiff does not allege that his stepdaughter conspired with police officers. He does not allege that the information his stepdaughter provided was false–and, more importantly–he does not allege that the police knew or had reason to know that the information she provided was false. Because no reasonable jury could find that Defendant Officers lacked probable cause, Plaintiff's false arrest claim fails.

C.  **Entrapment and Other Allegations**

Plaintiff also argues that he was "entrapped," "set up" and/or "lured" to the scene of the arrest by the police with the assistance of his wife. It is not clear whether Plaintiff's allegations are part of his false arrest claim, or whether they constitute a separate claim or claims. In either case, Plaintiff fails to state claims upon which relief may be granted. If the allegations are part of Plaintiff's false arrest claim, then they are likely irrelevant due to the existence of probable cause. *See Booker v. Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996) (stating that probable cause is an absolute bar to defendant's § 1983 liability for unlawful arrest, false imprisonment, or malicious prosecution).

The defense of "entrapment" does not provide a basis for a claim under Section 1983. In *United States v. Russell*, 411 U.S. 423, 431-32 (1973), the Supreme Court held that due process is a possible theory of liability available to a defendant asserting that he was entrapped *Id*. But, relief under this theory is limited to instances where the law enforcement conduct violates "fundamental fairness, shocking to the universal sense of justice." *Id*. The Seventh Circuit has interpreted

9

this as "an extremely narrow opportunity . . . to challenge government conduct." *United States v. Davis*, 15 F.3d 1393, 1415 (7th Cir.), *cert. denied*, 513 U.S. 896 (1994). Because § 1983 does not provide for relief for ordinary violations of state law, a cause of action exists only where the state law violation is so extreme that it rises to the level of a due process violation, such as when the state law violation "create [s] a serious risk of convicting an innocent person." As the Seventh Circuit has found in *Eaglin v. Welborn*, 57 F.3d 496, 501 (7th Cir. 1995) (en banc), *cert. denied*, 516 U.S. 965 (1995) (citing *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)), violations of state entrapment laws do not necessarily create such a serious risk because the defense of entrapment is an "excuse for, not a denial of, crime," and thus "does not bear on innocence." *Id*. See also, *Smith v. Lang*, 114 F.3d 1192 (7th Cir. 1997) (probable cause to arrest is not negated by a plaintiff prevailed on an entrapment defense at a criminal trial -- there is no constitutional violation for § 1983 purposes).

    Plaintiff also claims that he was "set up," but he does not explain what this means. In citing to *Mark v. Furay*, he seems to suggest there was some kind of conspiracy between Defendant Officers and his wife; however, as is mentioned above, Plaintiff's allegations fail to call the Officers' probable cause into question. Additionally, they do not establish a separate claim. Plaintiff's claims of a set up and entrapment are most reasonably interpreted as an allegation that he was lured to a location under false pretenses so that he could be arrested. Assuming he was lured to the location of his arrest, this does not change the fact that there was

probable cause for the arrest; therefore, Plaintiff's allegation does not in any way resurrect his false arrest claim. Furthermore, that Defendant Officers lured Plaintiff somewhere for the purpose of arresting him does not establish a separate cause of action, as it is perfectly acceptable for law enforcement officers to lure someone suspected of a crime to a location so that he may be arrested. *See People v. Witherspoon*, 576 N.E.2d 1030, 1036 (Ill. App. 1991) ("The use of deception to lure a defendant from his home in order to effectuate an arrest without a warrant has been held not to violate fundamental fairness."), *cited in U.S. v. Vasiliavitchious*, 919 F. Supp. 1113, 1117 (N.D. Ill. 1996).

## CONCLUSION

Plaintiff's false arrest claim is barred because no reasonable jury could determine that Defendant Officers lacked probable cause for Plaintiff's arrest. Plaintiff's other allegations fail to state a claim upon which relief may be granted. Therefore, Defendants' Motion [Doc. No. 60], converted to one for summary judgment, is GRANTED.

SO ORDERED.

DATE:   August 17, 2012

ENTERED:

*Maria Valdez*

HON. MARIA VALDEZ
**United States Magistrate Judge**

11