# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Maria Valdez | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2099 (appellate court no. 12-3161) | **DATE** | 2/14/2013 |
| **CASE TITLE** | Raymond Nesbitt (M-00998) v. J. Browne, et al. | | |

### DOCKET ENTRY TEXT

Plaintiff's motion to proceed *in forma pauperis* ("IFP") on appeal [86] is denied. Based upon his current application, the Court certifies that the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Plaintiff must either pay the $455 filing fee for his appeal within 14 days of this order or challenge this Court's certification by filing a motion in the U.S. Seventh Circuit within 30 days of this order. The clerk shall mail a copy of this order to the PLRA Attorney, U.S. Court of Appeals.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Plaintiff, Raymond Nesbitt, is currently incarcerated at Stateville Correctional Center. He seeks to appeal this Court's August 17, 2012, judgment granting Defendants' motion to dismiss, which the Court construed as a motion for summary judgment. In that decision, this Court concluded that: (1) probable cause supported his arrested based upon officers' receipt of information from Plaintiff's stepdaughter, and (2) Plaintiff's allegations that he was entrapped or lured to a location in order to effectuate his arrest did not state a 42 U.S.C. § 1983 or state-law claim. Plaintiff states as his issues for appeal that his arrest was based on entrapment and police fabricated reports and committed perjury at trial.

For the reasons stated in the August 17, 2012, opinion, Plaintiff's claim of entrapment, so long as the arrest was based upon probable cause, did not state a claim for relief. As for Plaintiff's other grounds for appeal, he appears to be arguing that police falsified evidence and committed perjury at trial. The Court addressed Plaintiff's claim of false arrest, noting that it was not barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because his arrest could have been unsupported by probable cause while his conviction remained valid. Plaintiff's issues for appeal, however, appear to challenge his conviction, which he may not do in a § 1983 civil rights action. Such challenges may be made in this Court only in a petition for habeas corpus relief. *Id.*; *Parish v. City of Elkhart*, 614 F.3d 677, 680 (7th Cir. 2010).

An inmate may seek to proceed *in forma pauperis* for an appeal of a judgment from this Court unless the Court certifies that the appeal is not being taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

A finding that an appeal is not taken in good faith is essentially equivalent to a finding of frivolousness, i.e. "that no reasonable person could suppose [the appeal] to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 565 (7th Cir. 2011) (citation and internal quotation marks omitted); *see also In re Gulevsky*, 362 F.3d 961, 964 (7th Cir. 2004) ("An appeal is frivolous when the appellant's arguments are utterly meritless and have no conceivable chance of success.").

**STATEMENT**

     As noted above and in the Court's August 17, 2012, Memorandum Opinion, Plaintiff's entrapment claim provides no ground for relief by this Court and allegations of falsified evidence and perjury at his criminal trial would have no "conceivable chance of success." *In re Gulevsky*, 362 F.3d at 964. Accordingly, the Court certifies that the appeal is not taken in good faith and denies Plaintiff's motion to proceed IFP on appeal.

     Plaintiff must pay the full $455 within 14 days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), overruled on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). Alternatively, if he wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order. *See* Fed. R. App. P. 24(a).